# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORHTERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **TARA MULLIGAN** <br> 4100 Sterns Road <br> Lambertville, MI  48144 | * <br><br> * | Case No. <br><br> Judge |
| Plaintiff, <br> v. | * <br><br> * | **COMPLAINT; JURY DEMAND ENDORSED HEREON** |
| **FIRST FEDERAL BANK OF THE MIDWEST** <br> c/o Statutory Agent <br> CT Corporation System <br> 4400 Easton Commons Way  Suite 125 <br> Columbus, Ohio  43219 | * <br><br> * <br><br> * | Francis J. Landry  (0006072) <br> **WASSERMAN, BRYAN, LANDRY & HONOLD, LLP** <br> 1090 West South Boundary, Suite 500 <br> Perrysburg, Ohio  43551 <br> Telephone: (419) 243-1239 <br> Facsimile: (419) 243-2719 |
| Defendant. | * <br><br> * | Email: FLandry308@aol.com <br> Attorney for Plaintiff <br> Tara Mulligan |

 *   *   *   *   *   *   *   *

## JURISDICTION

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331 known as this Court's federal question jurisdiction.  This is an action brought by Plaintiff for Family and Medical Leave Act retaliation by which Plaintiff seeks reinstatement, damages, costs and attorneys fees pursuant to 29 U.S.C. Sections 2601 et seq.  Plaintiff also invokes that supplemental jurisdiction of this Court pursuant to 28 U.S.C. Section 1367 over her state statutory claim for disability discrimination.

## PARTIES

2. Plaintiff, Tara Mulligan, is a Citizen of the City of Lambertville, County of Monroe, State of Michigan.

2. Defendant First Federal Bank of the Midwest, is a corporation organized and exists under the laws of the State of Ohio and a State Chartered bank with its principal place of business located in Defiance, Ohio, and conducts substantial business activities throughout the State of Ohio. The actions that give rise to this Complaint occurred in the State of Ohio within the jurisdiction of this District as Plaintiff was employed at Defendant's location in Sylvania, Lucas County, Ohio and as Defendant's headquarters is located in Defiance County, Ohio.

3. At all times relevant herein, Plaintiff was acting in the course and scope of her employment with Defendant.

4. At all times material hereto, Plaintiff was an employee of an employer as defined by the Family and Medical Leave Act, 29 U.S.C. Sections 2601 et seq. and as defined by Chapter 4112 of the Ohio Revised Code in that Plaintiff was employed by Defendant for more than one year on a full time basis and in that Defendant at all times material hereto employed more than fifty (50) employees. Plaintiff, at the time of her termination from employment with Defendant, was an employee covered under the Family and Medical Leave Act.

## GENERAL ALLEGATIONS

5. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through four (4) of this Complaint, supra, by reference in its entirety as if fully restated herein.

6. Plaintiff began working for Defendant or about October 1, 2017.

7. At all times relevant herein, Plaintiff was employed as Financial Sales Manager/AVP. Plaintiff worked for Defendant at its branch location in Sylvania, Ohio.

8. In 2018, Plaintiff underwent back surgery because of an issue with a disc crushing a sciatic nerve. In October of 2019, Plaintiff suffered a stroke. These two events were unforeseen and caused Plaintiff to need to take Family and Medical Leave.

9. Plaintiff returned from her stroke in early 2020. Immediately upon her return, Defendant micromanaged Plaintiff's performance and created very stressful conditions and was seeking ways to terminate her.

10. In very close proximity to her return to work, the Defendant suspended and then terminated Plaintiff allegedly for being untruthful to her manager.  The reason advanced was false and pretextual.  Plaintiff was performing her job duties to the best of her abilities despite having to cover two positions at once.

11. Plaintiff was disabled and a member of a statutorily-protected class pursuant to R.C. §4112.02.

12. In the alternative, Defendant perceived the Plaintiff as being disabled.

13. In the alternative, Defendant perceived that Plaintiff's medical conditions constituted a physical impairment.

14. In the alternative, Defendant perceived Plaintiff's injuries to substantially impair one or more of her major life activities, including but not limited to working, sitting, standing, concentrating, interacting with others, sleeping, and lifting.

15. Despite this actual or perceived disabling condition, Plaintiff was still able to perform the essential junctions of her job..

15. As a result of Defendant's unlawful conduct, Plaintiff suffered physical illness, stress, humiliation, loss of income and other benefits of employment, emotional distress, and other damages of both a pecuniary and non-pecuniary nature.

**FIRST CLAIM FOR RELIEF**
**Wrongful Termination Based on Disability Discrimination**

16. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through fifteen (15) of this Complaint, supra, by reference in its entirety as if fully restated herein.

17. On or around February 3, 2020, Defendant terminated Plaintiff's employment.

18. Defendant terminated Plaintiff's employment based on Plaintiff's actual or perceived disability.

19. R.C. §4112.02 provides that it is an unlawful discriminatory practice for an employer to discriminate against an employee on the basis of the employee's disability.

20. Defendant's termination of Plaintiff's employment was based on her actual or perceived disability violated R.C. §4112.02.

21. Defendant violated R.C. §4112.02 when it discharged Plaintiff based on her perceived disability.

23. Defendant violated R.C. §4112.02 when it discharged Plaintiff based on her disability. This statute is made actionable pursuant to Ohio Revised Code Section 4112.99 as amended.

24. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered and will continue to suffer damages, including but not limited to, economic, emotional distress and physical sickness damages

### SECOND CLAIM FOR RELIEF
### Family and Medical Leave Act Retaliation

25. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through twenty-four (24) of this Complaint, supra, by reference in its entirety as if fully restated herein.

26. Plaintiff began working for Defendant or about October 1, 2017.

27. At all times relevant herein, Plaintiff was employed as Financial Sales Manager/AVP. Plaintiff worked for Defendant at its branch location in Sylvania, Ohio.

28. In 2018, Plaintiff underwent back surgery. In October of 2019, Plaintiff suffered a stroke. These two events were unforeseen and caused Plaintiff to need to take Family and Medical Leave.

29. Plaintiff returned from her stroke in early 2020. Immediately upon her return, Defendant micromanaged Plaintiff's performance and created very stressful conditions and was seeking ways to terminate her.

30. In very close proximity to her return to work, the Defendant suspended and then terminated Plaintiff allegedly for being untruthful to her manager. The reason advanced was false and pretextual. Plaintiff was performing her job duties to the best of her abilities despite having to cover two positions at once.

31. The actions of Defendant constitute illegal and wilful discrimination and retaliation because she exercised Family and Medical Leave rights pursuant to 29 U.S.C. Sections 2601 et seq. and particularly 29 U.S.C. Sections 2615 and 2617.

24. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered and will continue to suffer damages, including but not limited to, economic, emotional distress and physical sickness damages, the loss of her job position, back and future wages, liquidated damages, costs and attorneys fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief with judgment against Defendant for compensatory, including lost past and future wages and benefits, punitive and general damages plus interest from date of judgment at the statutory rate of interest, for her costs and reasonable attorney fees expended here and all other such legal and/or equitable relief as this

Court may deem just and proper. Plaintiff also seeks, in the alternative an order for reinstatement with full back pay and benefits. Plaintiff also seeks an award of liquidated damages and her costs, reasonable attorneys fees together with prejudgment and post judgment interest.

                                                                            Respectfully submitted,

                                                                            <u>s/Francis J. Landry</u>
                                                                            Francis J. Landry
                                                                            Attorney for Plaintiff, Tara Mulligan

## JURY DEMAND

Plaintiff demands a trial by a jury of her peers on all issues triable of right by jury.

                                                                            Respectfully submitted,

                                                                            <u>s/Francis J. Landry</u>
                                                                            Francis J. Landry
                                                                            Attorney for Plaintiff, Tara Mulligan